# IN THE COURT OF APPEALS OF IOWA

No. 24-0878
Filed August 7, 2024

**IN THE INTEREST OF C.K.,**
**Minor Child,**

**B.D., Mother,**
  Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block,

Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Joseph G. Martin, Cedar Falls, for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney

General, for appellee State.

Kelly Smith, Waterloo, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of both parents of C.K., a minor child born in November 2022. Only the mother appeals. She asserts termination is not in the child's best interests and she should be given additional time to work toward reunification.

We conduct a de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process to determine if a statutory ground for termination has been satisfied, whether termination is in the child's best interests, and whether any permissive exception should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). However, we do not address a step if the parent does not challenge it on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The mother does not challenge the juvenile court's decision that there were three statutory grounds for termination of her rights, so we move to the second step and consider whether termination is in the child's best interests. When determining whether termination is in the child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2) (2024). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 779 N.W.2d at 41.

Following our de novo review of the record, we agree with the juvenile court that termination is in the child's best interests. This child has older half-siblings, and the Iowa Department of Health and Human Services was already involved with this family due to concern for the welfare of the half-siblings before this child was born. The mother tested positive for cocaine twice while pregnant with this child, and the child tested positive for cocaine at birth. The mother's use of illegal substances remains a significant concern. Of the fifty-five drug tests requested by the department, the mother only completed one. That test was taken in March 2023, and it was positive for cocaine. We presume the missed tests would likewise be positive for illegal substances. *See In re J.S.*, No. 23-0399, 2023 WL 3335325, at *1 (Iowa Ct. App. May 10, 2023). The mother was diagnosed as suffering from cannabis use disorder and cocaine use disorder. Despite these diagnoses and a recommendation for treatment, the mother has not attended any substance treatment for several months.

In addition to neglecting to address her substance-use issue, the mother has not consistently attended scheduled visits with the child, missing between one-third and one-half of the offered visits. This is despite the department providing her a bike, bus pass, and gas cards and scheduling visits at a location within walking and biking distance for her. A service provider had been offering the mother rides but stopped after the mother became threatening toward her.

From this, we conclude the mother is not able to provide the child with a baseline level of safety and stability. Conversely, the child's current placement is willing to adopt her, giving the child a safe and stable home in which the child can

grow and flourish. Termination is a necessary step before the child can reach permanency through adoption.

Still, the mother contends the juvenile court should have granted her additional time to work toward reunification. The juvenile court has authority to grant a parent six additional months to work toward reunification in lieu of termination under certain circumstances. *See* Iowa Code § 232.117(5) (permitting the court to enter a permanency order pursuant to section 232.104 if it does not terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving an additional six months to work toward reunification). But before the court may grant a parent such additional time, it must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). The mother does not explain what changes she anticipates will occur within the next six months that would facilitate reunification. Moreover, the juvenile court previously deferred permanency, so the mother already received additional time to make progress. Unfortunately, the mother failed to make use of that additional time. We see no persuasive evidence in the record that convinces us that giving the mother another six-month extension would yield different results.

We conclude that termination is in the child's best interests and decline the mother's request for additional time to work toward reunification.

**AFFIRMED.**